The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Zenith Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Deceased employee (hereafter "decedent") sustained an admittedly compensable injury on 27 January 2000, which resulted in his death on 27 January 2000.
5. Decedent's average weekly wage was $469.68, which yields a compensation rate of $313.12 per week.
6. The issue for determination is to whom shall death benefits be paid in this case?
7. The parties entered into the record and stipulated to the following documentary evidence:
a. I.C. Forms 19, 22, 29, and 42,
b. Certificate of Death,
c. Birth Certificate for Fallon Brooklyn Cook,
d. DNA Results,
e. Certificate of Parentage,
f. Affidavit of Non-Access,
g. Affidavit of Non-Paternity, and
h. Judgment of Paternity.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the admittedly compensable injury, the decedent was employed by defendant-employer as a Deputy Sheriff. The decedent had never been married. He resided with his mother, JoAnn Cook; however, Ms. Cook was not wholly or partially dependent upon decedent for her support at the time of the fatal injury.
2. Fallon Brooklyn Cook was born to Kimberly S. Hamilton on 3 February 1999. Ms. Hamilton has been the custodial parent and legal guardian for said child since her birth.
3. Fallon Brooklyn Cook is the biological child of the decedent and Ms. Hamilton. The decedent openly acknowledged the child as his own during his life. The Superior Court of Davidson County in 00 CVD 1681 IV-D#3866743 entered a Judgment of Paternity finding decedent is the biological father of Fallon Brooklyn Cook. There were no other children born to or adopted by the decedent. As such, Fallon Brooklyn Cook is the sole heir of the decedent.
4. Fallon Brooklyn Cook was wholly dependent upon the decedent for her support and maintenance on 27 January 2000. There were no other persons wholly or partially dependent upon the decedent for their support and maintenance on 27 January 2000.
5. At the time of the hearing before the Deputy Commissioner, the funeral expenses for decedent had not been paid to Sechrest Funeral Service, Thomasville, North Carolina.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 27 January 2000, the decedent sustained an injury by accident arising out of and in the course of his employment with defendant, and decedent died as a proximate cause of the injuries sustained in the admittedly compensable injury. N.C. Gen. Stat. §§ 97-2(6), -38.
2. On 27 January 2000, Fallon Brooklyn Cook was conclusively presumed to be wholly dependent upon the decedent. N.C. Gen. Stat. § 97-39.
3. The minor child Fallon Brooklyn Cook is entitled to receive death benefits at the rate of $313.12 per week beginning 27 January 2000 for a period of 400 weeks or until she reaches the age of eighteen, whichever occurs last. N.C. Gen. Stat. § 97-38 et seq. Defendants shall pay said benefits to Kimberly S. Hamilton, the parent and natural guardian of Fallon Brooklyn Cook, for the use and maintenance of Fallon Brooklyn Cook.
4. Defendants shall pay $2,000.00 in funeral expenses to Sechrest Funeral Service, Thomasville, North Carolina, or, if the funeral expenses have already been paid, to the person who paid for these expenses. N.C. Gen. Stat. § 97-40.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay death benefits to Kimberly S. Hamilton, parent and natural guardian of Fallon Brooklyn Cook, a minor, for the use, benefit, and maintenance of Fallon Brooklyn Cook at a rate of $313.12 per week beginning 27 January 2000 for a period of 400 weeks or until the child attains the age of eighteen, whichever occurs last. As much of said compensation as has accrued shall be paid in a lump sum.
2. Defendants shall pay $2,000.00 in funeral expenses to Sechrest Funeral Home, Thomasville, North Carolina, or, if already paid, to the person who paid for these expenses.
4. Defendants shall pay the costs.
This ___ day of October, 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER